UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETERSON, *et al.*, | : | HON. JOSEPH H. RODRIGUEZ |
| Plaintiffs, | : | Civil Action No. 08-1789 |
| | : | |
| v. | : | **Memorandum Order** |
| BOYARSKY CORPORATION, | : | |
| Defendant. | : | |

    This matter comes before the Court on an unopposed motion of Plaintiffs Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Jeffrey Duffy, Donald Engelhardt, Kevin Duncan, and Richard Tolson, *as Trustees of the* New Jersey B.A.C. Health Fund, James R. Prisco Jr., Rudolph Riccardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt and Leon Jones, Jr., *as Trustees of the* New Jersey BM&P Apprentice and Education Fund, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, Benjamin Capp, and William McConnell *as Trustees of, and on behalf of, the* Bricklayers and Trowel Trades International Pension Fund, Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent DeLazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William McConnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour *as Trustees of, and on behalf of*, the International Masonry Institute, and

Richard Tolson, *as Administrator of* BAC Administrative District Council of New Jersey (collectively, "Plaintiffs") seeking entry of default judgment pursuant to Fed. R. Civ. P. 55 against Defendant Boyarsky Corporation ("Boyarsky").  The Court has considered the submissions of the Plaintiffs and notes that Defendant has not responded to the motion.  For the reasons stated below, Plaintiffs motion will be granted.

**Factual History**

The individual Plaintiffs fall into several groups, with some having membership in multiple groups.  The New Jersey B.A.C. Health Fund ("N.J. BAC Health Fund")  is a multi-employer, labor-management trust fund, organized pursuant to various collective bargaining agreements in accordance with Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186. (Complaint ¶ 3.)  As defined in Section 3 (1) and 3(37)(A) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), 29 U.S.C. § § 1002(1) and (37)(A), the NJ BAC Health Fund is an employee welfare plan. (Id.)

The New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund") is a multi-employer, labor-management trust fund, organized pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). (Id.) As defined in Section 3 (1) and 3(37)(A) of ERISA, 29 U.S.C. § § 1002(1) and (37)(A), the Apprentice Fund is an employee benefit plan. (Id.)

The Bricklayers and Trowel Trades International Pension Fund ("IPF") is a multi-employer, labor-management trust fund organized pursuant to various collective bargaining agreements in accordance with 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). (Complaint ¶ 4.)  The IPF is an employee benefit plan within the meaning of Section 3 (1)

and 3(37)(A) of ERISA, 29 U.S.C. § § 1002(1) and (37)(A).

The International Masonry Institute ("IMI") is a multi-employer benefit plan as defined in Section (3)(3) of ERISA, 29 U.S.C. § 1002(3), and is multi-employer plan under Section 3(37) ERISA, 29 U.S.C. § 1002(37). (Complaint ¶ 5.)

Plaintiff Richard Tolson is the Administrator of BAC Administrative District Council of New Jersey (the "Union"). The Union is a labor organization under the meaning given in Section 301 of the LMRA, 29 U.S.C. § 142 and represents employees in an "industry affecting commerce" as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002 (4). (Complaint ¶ 5.)

The Plaintiffs NJ BAC Health Fund and the Apprentice Fund (collectively the "Local 2 Benefits Funds"), the IPF and the IMI provide employee fringe benefits to members of the Union. Defendant Boyarsky is a signatory on the Collective Bargaining Agreement ("CBA") with the Union, which established the terms and conditions of employment for the employees of Boyarsky. (Complaint ¶ 6.) The CBA applies to employees working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons (known collectively as "Covered Work") within the geographical jurisdiction of the Union. (Id.)

According to the CBA, Boyarsky agreed to pay the Funds fringe benefit contributions and forward dues checkoffs for each hour worked by its employees. (Complaint ¶ 6.) To date, Boyarsky has failed to pay their fringe benefit contributions to the Funds or to remit dues checkoffs and other contributions deducted from wages paid to Boyarsky employees who perform covered work under the CBA. (Id.) The Complaint alleges that Boyarsky has failed to pay a total of $13,848.73, which is broken down as follows: "(1) benefit

contributions to the Plaintiffs Local 2 Benefit Funds in the amount of $3,458.04; (2) benefit contributions to the Plaintiffs IPF and IMI in the amount of $4,783.80 and (3) dues checkoffs to the Union in the amount of $893.84; and (4) additional amounts for interest and liquidated damages accrued on the principal amount of contributions." (Complaint ¶ 7.)

## **Procedural History**

On April 11, 2008 Plaintiffs filed a Complaint alleging Boyarsky violated the CBA with the Union, the respective Trust Agreements with the funds, and the ERISA, 29 U.S.C. § 1001 et seq. by failing to pay and submit the required monetary contributions and reports to the funds and to remit dues checkoffs and other contributions to the Union when due. (Complaint ¶ 2; Pl.'s Mot. at 3.) The Plaintiffs seek unpaid fringe benefit contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs and disbursements incurred in the action, pursuant to Section 502(g) of ERISA in violation of Section 515 of ERISA. (Pl.'s Mot. at 3.)

The initial Summons and the Complaint for this matter were served upon Boyarsky on May 13, 2008. (Docket Entry # 3.) On June 17, 2008 Plaintiffs requested Entry of Default as to Boyarsky. (Docket Entry # 4.) The Clerk entered default the next day. (Id.) On August 1, 2008 Plaintiffs moved for default judgment against Boyarsky. (Id. at 6; Affirmation In Support of Pl.'s Mot. for Default J.) Due to a technical error, Plaintiff re-filed their Motion for Default Judgment with this Court, on February 5, 2009. (Docket Entry # 7.) On the same day, Boyarksy was served with the Notice of Motion, Proposed Default Judgment, and Affirmation. (Docket Entry # 7.) To date, Boyarksy has not responded to the Complaint or requested an extension. Further, Boyarksy has not opposed the instant motion for default judgment.

**Discussion**

Plaintiffs move for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55 provides, in relevant part:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b) Judgment.** Judgment by default may be entered as follows:
>
> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . .

Fed. R. Civ. P. 55. Under Rule 55, "the entry of default is an essential predicate to any default judgment." DeTore v. Local No. 245 of the Jersey City Pub. Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981).

A party is not entitled to the entry of a judgment of default as of right because the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants are deemed to have admitted the factual allegations of the Compliant by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990), In re Industrial Diamonds Anitrust Litig., 119 F. Supp.2d 418, 420 (S.D.N.Y. 2000) (holding "a default is

not an admission of the amount of damages claimed.")  The Court need not accept Plaintiffs' legal conclusions, however, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. § 2688 at 63.

In this case, Default was entered by the Clerk on June 18, 2008.  Therefore, the procedural prerequisite of Rule 55(b)(1) has been met.  The Plaintiffs allege violations under both ERISA and contract law under LMRA. (Complaint ¶ 2.) The unchallenged factual allegations in the Complaint demonstrate that the Plaintiffs state legitimate claims under ERISA, therefore the Court does not need to evaluate the contract claims.

Under § 515 of ERISA an employer who is obligated to make contributions to a multi-employer benefit plan under a collective bargaining agreement must make payments pursuant to the terms and conditions under the agreement. 29 U.S.C. ¶ 1145. In the event that an employer fails to make contributions in violation of the collective bargaining agreement, then the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132 (g); Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30, 2007).

The Complaint avers that Boyarsky has failed to pay a total of amount of $8,241.84, not including interest, liquidated damages, and attorneys' fees, for work performed by Plaintiffs from October 8, 2007 through November 29, 2007 at Tilton

Fitness. (Complaint ¶ 7.)  Boyarsky's failure to make payment is a violation of the CBA made with the Union and the Trust Agreements with Funds and therefore a violation of ERISA Section 502(a)(3) and 515.  The Court accepts as true that Plaintiffs are multi-employers and that Defendant is an employer as defined in ERISA; therefore the Plaintiffs have a cause of action under ERISA.

However, before entering a default judgment, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; (2) whether a meritorious defense has been asserted by the defendant; and (3) whether the default was willfully caused by the defendant.  See Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951).  In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits.  Medunic, 533 F.2d at 894.

Since the Defendant has not filed any responsive pleading nor shown cause why a default judgement should not be granted, the Court need not determine the meritorious defense or whether the default was a result of willful misconduct. Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL 20848 *2 (E.D.Pa. Jan.  18, 1995), Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30, 2007).  The Court's sole consideration is whether the Plaintiffs will be prejudiced if default is denied. Id.

Under the circumstances, Plaintiffs will be prejudiced if no default judgment is entered, because they have  no other means of vindicating their claim against Boyarsky. Under the CBA, Boyarsky agreed to pay to the Plaintiff Funds fringe benefit contributions

and to forward dues checkoffs for each hour worked by employees of Defendant Boyarsky. (Complaint ¶ 6.)  To date, Boyarsky has not made the required contributions to the Plaintiffs' Funds and has not responded in any fashion to Plaintiffs' Complaint. Boyarsky has not asserted any meritorious defense to Plaintiffs claims, nor has he offered any excusable reason for his default.   For all of these reasons, Plaintiffs will be prejudiced by the failure to enter a default judgement.

## Damages

Boyarsky has been delinquent in contributions in the sum of $8,241.84, dues-checkoffs in the amount of $893.84, interest in the sum of $785.48, liquidated damages in the amount of $1,648.37, attorneys' fees in the sum of $1,799.20  and court fees and services in the amount of $480.00, amounting in the total sum of $13,848.73, plus interest at the legal rate in effect on the date of the judgement. (Pl.'s Application for Default J. at 3.)

## Conclusion

For the reasons stated above, the Court finds that Plaintiff is entitled to relief pursuant to Fed. R. Civ. P. 55.

Accordingly,

**IT IS ORDERED** on this 8th  day of April, 2009, that Plaintiffs' Motion for Default Judgment against Defendant Boyarsky Corporation is hereby GRANTED.

 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United State District Judge